**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**EUGENE HUDSON, JR.,**

   **Plaintiff,**

      **v.**

**AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES,** *et al.,*

   **Defendants.**

---

**Civil Action No. 19-2738 (JEB)**

**MEMORANDUM OPINION**

In this latest round of Plaintiff Eugene Hudson, Jr.'s abundant litigation, he seeks

reinstatement as a member of Local 1923 of the American Federation of Government Employees

so that he can run for a leadership position in the Local.  To achieve such end, he has sued

AFGE, the Local, Local President Anita Autrey, and the U.S. Department of Labor, asserting

myriad intertwined counts under federal statutes and the common law.  In moving to dismiss,

DOL contends that the sole claim against it is both moot and facially defective.  Agreeing, the

Court will grant the Motion and dismiss Labor from the case.

**I.      Background**

In a prolix 57-page Complaint, Hudson sets out chapter and verse of his long-running

dispute with AFGE and its leadership.  See ECF No. 25 (Amended Complaint Corrected).  He

currently has multiple suits pending against AFGE, all related to his ouster from a leadership

position and his lack of success in subsequent elections.  See, e.g., Hudson v. AFGE, No. 17-

1867; Hudson v. AFGE, No. 17-2094.  The Court has issued a surfeit of Opinions regarding the

various disputes, see, e.g., Hudson v. AFGE, 2019 WL 3533602, at *1–2 (D.D.C. Aug. 2, 2019);

Hudson v. AFGE, 289 F. Supp. 3d 121, 123–25 (D.D.C. 2018), and readers curious for more background can slake their thirst there.  For the sake of brevity, the Court sets forth only the facts relevant to DOL's Motion, taking them, as is required at this stage, from the operative Complaint, which was filed in September 2019.

The only count alleged against Labor is Count VII, which names all four Defendants and invokes a number of provisions of the Labor Management Reporting Disclosure Act as well as the LMRDA Bill of Rights.  See Compl. at 52.  It alleges that DOL planned "to hold DOL-supervised nominations for Local 1923 office on September 18, 2019[, . . . and DOL intended] to allow only those members in good standing to be nominated on September 18, 2019, to run in the upcoming Local 1923 DOL-supervised election."  Id., ¶ 202.  Local 1923's refusal to include Hudson on that list denies him the right to be nominated.  Id., ¶ 203.  He will thus suffer damages from not being able to participate in that election.  Id., ¶ 206.  He also seeks assorted injunctive relief relating to that election and future ones.  Id. at 55–57.  Labor has now moved to dismiss for lack of jurisdiction and failure to state a claim.

## II.      Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted."  In evaluating Defendant's Motion to Dismiss, the Court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"  Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citing Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993)); see also Jerome Stevens Pharms.,

Inc. v. FDA, 402 F.3d 1249, 1250 (D.C. Cir. 2005).  The pleading rules are "not meant to impose

a great burden upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005).

Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6)

motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  The Court

need not accept as true, then, "a legal conclusion couched as a factual allegation," nor an

inference unsupported by the facts set forth in the Complaint.  Trudeau v. FTC, 456 F.3d 178,

193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986).  For a plaintiff to

survive a 12(b)(6) motion even if "recovery is very remote and unlikely," the facts alleged in the

complaint "must be enough to raise a right to relief above the speculative level."  Twombly, 550

U.S. at 555–56 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

The standard to survive a motion to dismiss under Rule 12(b)(1) is less forgiving.  Under

this part of the Rule, Plaintiff bears the burden of proving that the Court has subject-matter

jurisdiction to hear his claims.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992); U.S.

Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000).  A court also has "an

affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."

Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  For

this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in

resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim."  Id.

at 13–14 (alteration in original) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal

Practice and Procedure § 1350 (2d ed. 1987)).  Additionally, unlike with a motion to dismiss

under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding

whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens, 402 F.3d at 1253;

see also Venetian Casino Resort, L.L.C. v. EEOC, 409 F.3d 359, 366 (D.C. Cir. 2005) ("[G]iven

the present posture of this case — a dismissal under Rule 12(b)(1) on ripeness grounds — the

court may consider materials outside the pleadings.").

### III.     Analysis

DOL rightly raises a bevy of flaws in Hudson's claim against it.  To begin, any injunctive

relief that he seeks related to the September 2019 or December 2019 elections is moot since

those have come and gone.  "[M]ootness must be assessed at 'all stages' of the litigation to

ensure a live controversy remains."  Aref v. Lynch, 833 F.3d 242, 250 (D.C. Cir. 2016) (quoting

21st Century Telesis Joint Venture v. FCC, 318 F.3d 192, 198 (D.C. Cir. 2003)).  The Court

must thus determine whether "events have so transpired" such that a judicial "decision will

neither presently affect the parties' rights nor have a more-than-speculative chance of affecting

them in the future."  Am. Bar Ass'n v. FTC, 636 F.3d 641, 645 (D.C. Cir. 2011).  If "intervening

events make it impossible to grant the prevailing party effective relief," no live controversy

remains.  See Lemon v. Geren, 514 F.3d 1312, 1315 (D.C. Cir. 2008) (quoting Burlington N.

R.R. Co. v. Surface Transp. Bd., 75 F.3d 685, 688 (D.C. Cir. 1996)).  That is the case here, as the

Court can do nothing now to safeguard Hudson's chances in past elections.

There is an exception, however: "[E]ven though the specific action that the plaintiff

challenges has ceased, a claim for declaratory relief will not be moot" if "the specific claim fits

the exception for cases that are capable of repetition, yet evading review."  Del Monte Fresh

Produce Co. v. United States, 570 F.3d 316, 321 (D.C. Cir. 2009) (internal quotation marks

omitted).  This exception "applies where (1) the challenged action is in its duration too short to

be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the

same complaining party will be subject to the same action again." FEC v. Wis. Right to Life,

Inc., 551 U.S. 449, 462 (2007) (citation and internal quotation marks omitted).  It is thus possible

that Hudson could argue that his efforts to run for office might be stymied again before court

review could take place, yet he never invokes this doctrine.  Injunctive relief is thus moot.

Even if he had sought to evade the mootness trap, he would still be out of luck.  First,

Hudson cites no authority for the proposition that Labor can compel local unions to classify

individuals as being members in good standing or not.  Second, even if it possessed such power,

the LMRDA does not apply to locals such as 1923 that are made up entirely of government

employees, as this Court recently explained.  See ECF No. 64 (Mem. Op.) at 4–5.  Plaintiff,

accordingly, has no cause of action under that statute against Local 1923 or, by extension, DOL

for any steps related to his membership.  Finally, if Hudson is truly seeking money damages

against DOL — a position he never definitively takes — he has not explained how the LMRDA

permits such relief against the Government or how it has waived its sovereign immunity to such

a claim.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity

shields the Federal Government and its agencies from suit.").

## IV.    Conclusion

The Court will therefore grant Defendant DOL's Motion to Dismiss.  A separate Order so

stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: May 14, 2020