UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE HUDSON, JR.,

    Plaintiff,

    v.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES,

    Defendant.

Civil Action No. 19-2738 (JEB)

## MEMORANDUM OPINION

Another day, another Motion in the interminable litigation between Plaintiff Eugene Hudson and Defendant American Federation of Government Employees. This time, Hudson contends that a decision letter from the Federal Labor Relations Authority requires the Court to vacate two of its prior Opinions: Hudson v. AFGE, No. 19-2738, 2020 WL 3035039 (D.D.C. June 5, 2020) (Hudson I), aff'd, No. 20-5181, 2021 WL 4811388, at *1 (D.C. Cir. Oct. 12, 2021) (Hudson I Appeal), and Hudson v. AFGE, No. 22-289, 2022 WL 3786919 (D.D.C. Aug. 30, 2022) (Hudson II), on reconsideration, No. 22-289, 2022 WL 16551322 (D.D.C. Oct. 31, 2022) (Hudson II Reconsideration). As the decision letter bolsters only a precluded argument (and does so only slightly), the Court will deny the Motion.

**I.    Background**

In Hudson I, this Court held that the Civil Service Reform Act, which creates an elaborate administrative framework to manage public-sector union disputes, preempted Hudson's claims regarding his removal from AFGE membership rolls. See 2020 WL 3035039, at *5–6. Plaintiff had argued that the CSRA did not apply to him — and thus did not preempt his claims

1

— because he was at that time only a <u>retired</u> federal employee.  See Hudson I Appeal, 2021 WL 4811388, at *1 (citing Hudson's contention that he "is not employed by an agency and his employment ceased due to retirement").  The Court rejected that argument, concluding that the CSRA applied to retired federal employees as well as active ones.  Hudson I, 2020 WL 3035039, at *6; Hudson I Appeal, 2021 WL 4811388, at *1.

In so holding, the Court acknowledged Hudson's argument that an FLRA official had apparently concluded otherwise, and it allowed for the possibility of vacatur should the agency's General Counsel or the D.C. Circuit agree.  That language is the sole basis on which Hudson seeks vacatur here:

> In rejoinder, Hudson points out that an FLRA regional director wrote to him, explaining that retired federal employees are <u>not</u> covered under the Act; as a result, he says, he cannot travel the CSRA administrative path.  <u>See</u> ECF No. 80-1 (Mar. 4, 2020, FLRA Dismissal Letter).  That decision appears to be in clear tension with the cases cited above.  In any event, as the letter itself explains, Hudson can appeal this ruling to the Authority's General Counsel and eventually to the D.C. Circuit.  <u>See id.</u>; 5 U.S.C. § 7123.  If the ultimate outcome of those appeals is that the CSRA does not apply to him because of his retiree status, he can then move to vacate the dismissal of this action and proceed here once again.

Hudson I, 2020 WL 3035039, at *6.  The Court did not reach the question of whether the CSRA would still preempt his claims even if it did not apply to retired federal employees.

On appeal, Hudson pivoted to a new argument: that the CSRA did not apply to him because he was "not a retired <u>federal</u> employee," but "a retired <u>private sector</u> employee." Hudson I Appeal, 2021 WL 4811388, at *1 (formatting modified).  The D.C. Circuit held that this "entirely new argument," which was based on the nature of Hudson's employer prior to his retirement and not the effect of the retirement itself, was forfeited; on that basis it affirmed this Court's ruling.  Id. at *1–2.

2

Plaintiff then filed a new lawsuit premised almost entirely on the same claims he had made in Hudson I. This Court held these claims barred by claim preclusion and so ultimately dismissed them all. Hudson II, 2022 WL 3786919, at *7–8, 10; see also Hudson II Reconsideration, 2022 WL 16551322, at *7–8. Hudson tried to stave off preclusion by arguing that Hudson I had not considered that he was in fact a "private-sector retiree" and not a retired federal employee — the new argument he had presented to the Circuit. Hudson II, 2022 WL 3786919, at *8. The Court held that that fact did not alter the preclusion analysis. "While [Hudson] has recharacterized his status as a private-sector retiree, rather than a former federal employee," the Court wrote, "he does so in service of the same position he took in [Hudson I] — namely, that his grievances are not of the kind that should be channeled through the CSRA." Id. A line of D.C. Circuit cases, the Court elaborated, "foreclose[s] Hudson's attempt to relitigate a decided issue by raising an argument that could have been presented in the earlier proceeding adjudicating the same underlying issue." Id. In other words, the Court reasoned similarly to how the Circuit had: Plaintiff had argued in Hudson I only that the CSRA did not preempt his claims because he was a retired federal employee, and it was too late for him to now add a new argument that the Act did not preempt his claims because he was a retired private-sector employee.

That brings us to the present Motion. While not a model of clarity, as best the Court can tell, it argues that vacatur is warranted because the FLRA General Counsel has issued a non-appealable decision letter that Hudson contends satisfies the condition that the Court had mentioned in Hudson I — namely, he suggests, the Agency has concluded that the "CSRA does not apply to him because of his retiree status." Hudson I, 2020 WL 3035039, at *6; see ECF Nos. 115-1 (FLRA Regional Decision Letter); 115-2 (FLRA General Counsel Letter). He

3

provides a decision letter from an FLRA regional director, which was affirmed on appeal by the office of the General Counsel, which described why the statute does not apply to him:

> Although you previously worked for the SSA, your employment ceased in 1989 when you went to work for AFGE. Unfair labor practice charges under Section 7116(b)(1), (2), and (4) of the Statute refer to actions taken against an employee. Given that you are not an employee as defined by the Statute, AFGE's conduct does not violate the Statute.

FLRA Regional Decision Letter at 2.

Purporting to follow the Court's invitation, then, Hudson seeks to vacate the Court's 2020 ruling and Hudson II, as well as injunctive and declaratory relief.

## II.     Legal Standard

The parties dispute which part of Federal Rule of Civil Procedure 60 should govern review of this Motion: the error-correction provision in Rule 60(b)(1) or the catch-all provision in 60(b)(6). Plaintiff is too late to file under Rule 60(b)(1), see Fed. R. Civ. P. 60(c)(1) (must be made within a year), and so the Court will consider his Motion under Rule 60(b)(6). That rule provides that "a court may relieve a party from a final judgment for 'any other reason that justifies relief' not encompassed by the other reasons enumerated in Rule 60(b)." Jordan v. U.S. Department of Labor, 331 F.R.D. 444, 453 (D.D.C. 2019). Courts are "vested with a large measure of discretion" in deciding whether to grant a Rule 60(b)(6) motion. Comput. Pros. for Soc. Resp. v. U.S. Secret Service, 72 F.3d 897, 903 (D.C. Cir. 1996) (quoting Twelve John Does v. District of Columbia, 841 F.2d 1133, 1138 (D.C. Cir. 1988)). But because the Rule is "essentially boundless[,] . . . the Supreme Court has held that it applies only to 'extraordinary' situations," and the D.C. Circuit has cautioned that it should be used "sparingly." Twelve John Does, 841 F.2d at 1140 (citing Ackermann v. United States, 340 U.S. 193, 202 (1950), and Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)).

### III.     Analysis

The Court will deny this Motion for two independent reasons.

First, Hudson has not met the conditions that the Court's prior Opinion suggested could warrant vacatur. His Motion is based solely on the Court's suggestion in the paragraph quoted above, which he contends justifies relief under Rule 60(b)(6). See ECF No. 118 (Reply) at 10 ("Plaintiff . . . seeks to vacate [Hudson I and Hudson II] based on the Court's June 5, 2020 order."); id. at 12 ("By the unequivocal terms of this Court's June 5, 2020 order, Plaintiff's motion to vacate . . . is timely and properly before the Court . . . ."). There, the Court noted that Plaintiff could move to vacate if he "appeal[ed] this ruling" — referring to the March 4, 2020, decision letter cited two sentences prior — and if such appeal resulted in an "ultimate outcome" (from the agency or the D.C. Circuit) holding that "retired federal employees are not covered under the Act." Hudson I, 2020 WL 3035039, at *6; see also id. (authorizing vacatur only if the agency or D.C. Circuit concluded that "the CSRA does not apply to him because of his retiree status," not because of anything else) (emphasis added). In other words, the Court invited a Motion to Vacate only if the agency took a particular view on the specific question of whether "retired federal employees [are or] are not covered under the Act." Id.

That has not happened here. For starters, Hudson identifies no subsequent agency action on the March 4, 2020, decision letter that the Court discussed in Hudson I. In this Motion Plaintiff cites a separate FLRA decision letter issued in a separate matter on July 17, 2020 (six weeks after Hudson I), and a letter from the agency's General Counsel affirming that decision. See FLRA Regional Decision Letter; FLRA General Counsel Letter. Those decision letters concern a related but different grievance Hudson filed against AFGE with the FLRA. See Reply at 7 (distinguishing two matters). Hudson contends that they raise the same issue, but the Court's

5

Opinion invited vacatur only based on the specific decision it had considered. It will not read Hudson I to invite vacatur based on an agency decision on one of Hudson's separate grievances.

Much more significantly, however, the agency letter that Hudson identifies here does not speak to the issue on which the Court suggested Hudson might seek vacatur — that is, how his status as a retired federal employee could affect CSRA coverage. It instead concerns only his status as a private-sector employee, the argument that the Court held precluded in Hudson II. See 2022 WL 3786919, at *7–8. The decision letter concludes that when Plaintiff "left the [Social Security Administration]" and "went to work for AFGE," his employment with the federal government "ceased" for purposes of the CSRA. See FLRA Regional Decision Letter at 1–2. Its bottom-line conclusion is that Hudson became a private-sector employee when he left the Social Security Administration for employment at AFGE, and so was a retired private-sector employee when he brought his claims against AFGE — not that "retired federal employees are not covered under the Act," the question on which the Court invited vacatur. See Hudson I, 2020 WL 3035039, at *6. The question of Hudson's private-or-public-retiree status was not raised in Hudson I, as the Court of Appeals expressly held. Hudson I Appeal, 2021 WL 4811388, at *1. Because that public/private argument is thus separate from the narrow point on which the Court invited vacatur, Hudson cannot prevail.

Hudson's brief, moreover, recognizes as much. Plaintiff essentially concedes that the FLRA letters he submits do not speak to the question on which the Court invited vacatur. The agency letters conclude that the CSRA does not apply to Hudson, Plaintiff writes, "not because he is not [sic] a federal government retiree, as the Court suggested in its June 5, 2020 order, but because [he has been] a private sector employee since 1989." ECF No. 115 (Mot.) at 8. That line gives up the game: Plaintiff is not actually seeking vacatur on the basis the Court suggested

6

in Hudson I, regarding whether "retired federal employees [are or] are not covered under the Act," but instead on the basis that he is a retired private-sector employee. The rest of his Motion describes his argument in the same terms. See Mot. at 3–4 (arguing CSRA "does not apply to employees of private entities"); id. at 4 ("Mr. Hudson has been a private sector employee . . . since 1989"); id. at 5 ("All of these cases involve federal government employees—not private sector employees like Mr. Hudson.").

Even though Hudson's submitted letters make his private-sector-retiree argument "a closer question," Hudson II, 2022 WL 3786919, at *8 (citing Secs. Indus. Ass'n v. Bd. of Governors, 900 F.2d 360, 364 (D.C. Cir. 1990)), they support only a position the Court has already held precluded. It was Hudson's own decision not to argue the private/public retiree point in Hudson I, as the Court of Appeals concluded and this Court reiterated. Hudson may now wish he had raised that argument from the get-go. But he did not, and he cannot now once again try to shoehorn it in. As that argument is Hudson's sole basis for vacatur, the Court will accordingly deny the Motion.

Second and independently, AFGE suggests that the CSRA might still preempt Hudson's claims even if he is not a covered employee under the Act. According to Defendant, the Act could cover the entire waterfront of federal-employee claims, including those from retired employees like Hudson, even if it does not provide such employees the opportunity to file unfair-labor complaints under the subsections Hudson invokes. See ECF No. 116 (AFGE Opp.) at 7–8; see also United States v. Fausto, 484 U.S. 439, 443–45 (1988) (describing CSRA as "integrated scheme of administrative and judicial review"); Buesgens v. Coates, 435 F. Supp. 2d 1, 4 (D.D.C. 2006) (dismissing complaint by former federal employee as preempted by CSRA). Hudson never addresses this contention or shows that, even if he is not an employee under the Act, his

7

claims still survive as not preempted. The Court in Hudson I rejected his premise that retired employees could not qualify as employees under the Act. It thus had no occasion to take up his conclusion that the CSRA consequently does not preempt his claims. In this Motion Hudson argues only that his premise was in fact valid, but offers no argument that his conclusion actually follows from it. As it is his burden on a Motion for Vacate to show why he should prevail — and on a Rule 60(b)(6) Motion in particular to show exceptional circumstances warrant relief — Plaintiff's failure to explain why he prevails if the CSRA does not cover retired employees offers a second, independent reason for denying the Motion.

### IV.     Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion to Vacate. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: August 3, 2023